**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff,*<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS, AND EXPLOSIVES<br>99 New York Ave. NE<br>Washington, DC 20226<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Ave. NW<br>Washington, DC 20535<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>500 12th ST. SW<br>Washington, DC 20536<br><br>and<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-0939 |

**COMPLAINT**

1.      American Oversight brings this case to probe whether the Trump Administration's tasking of federal law enforcement agencies with conducting welfare checks on unaccompanied immigrant children is a pretext for advancing the president's aggressive immigration enforcement campaign.

2.      In April 2025, the *Washington Post* reported that the Department of Homeland Security ("DHS") had asked the Federal Bureau of Investigations ("FBI"), Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and other Department of Justice ("DOJ") components, as well as Immigration and Customs Enforcement ("ICE"), to conduct welfare checks on unaccompanied immigrant children (also referred to as unaccompanied minors) who had entered the country without their parents, despite the fact that many of them have since been reunited with their parents or other relatives.[1]

3.      The Office of Refugee Resettlement, an agency within the Department of Health and Human Services ("HHS"), has the primary mandate to care for unaccompanied minors' well-being, including after they have been placed with a sponsor (most often a parent or close relative).

4.      Law enforcement officials tasked with these welfare checks—including from agencies like FBI and ATF whose primary mandate is not immigration enforcement—were "instructed to contact [ICE] if they found children who were in danger," raising fears that the welfare checks would be used to further President Trump's mass deportation agenda, including by separating the children from the only family members they have in the United States.[2]

---

[1] Marianne LeVine et al., *FBI, Other Criminal Investigators Drafted for Welfare Checks on Migrant Children*, Wash. Post, Apr. 10, 2025, https://www.washingtonpost.com/immigration/2025/04/10/trump-migrant-kids-welfare-checks/.
[2] *Id.*

5.     In furtherance of its mission to promote government transparency and accountability, American Oversight filed requests with Defendants under the Freedom of Information Act ("FOIA") about these welfare checks, seeking records such as senior agency officials' email communications; final directives and guidance; training materials; and records sufficient to identify the number of welfare checks performed, and the number of cases referred to ICE.

6.     Having received no records in response to its FOIA requests, American Oversight now brings this action against Defendants under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

9.     American Oversight has exhausted or is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) relating to the four requests at issue and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

10.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is

committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

11.    Defendant ATF is a component of DOJ, headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ATF has possession, custody, and control of records that American Oversight seeks.

12.    Defendant FBI is a component of DOJ, headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that American Oversight seeks.

13.    Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, DC, the parent agency of ATF and FBI, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

14.    Defendant HHS is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

15.    Defendant ICE is a component of DHS, headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession, custody, and control of records that American Oversight seeks.

4

16. Defendant DHS is a department of the executive branch of the U.S. government headquartered in Washington, DC, the parent agency of ICE, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

17. In June 2025, American Oversight submitted FOIA requests to Defendants concerning records related to welfare checks on unaccompanied minors.

### *ATF Request*

18. On June 3, 2025, American Oversight submitted a FOIA request to ATF (internal tracking number DOJ-ATF-25-1461) seeking email communications of five senior ATF officials, directives and guidance, training materials, and records sufficient to identify the number of welfare checks of unaccompanied children performed by ATF, including those referred to DHS and/or ICE as a result of the welfare check. The request spanned records from March 1, 2025, through the date the search was conducted. A true and correct copy of that request is attached as Exhibit 1.

19. On June 4, 2025, ATF acknowledged receipt of the request, assigned the request tracking number 2025-00954.

20. As of the date of this filing, American Oversight has received no further communication from ATF regarding this FOIA request.

### *FBI Request*

21. On June 3, 2025, American Oversight submitted a FOIA request to FBI (internal tracking number DOJ-FBI-25-1460) seeking email communications of four senior FBI officials, directives and guidance, training materials, and records sufficient to identify the number of welfare checks of unaccompanied children performed by FBI, including those referred to DHS and/or ICE

as a result of the welfare check. The request spanned records from March 1, 2025, through the date

the search was conducted. A true and correct copy of that request is attached as Exhibit 2.

22.    On June 9, 2025, FBI acknowledged receipt of the request and assigned the request

tracking number 1670067-000.

23.    On July 7, 2025, FBI sent another acknowledgment receipt of the request—

purportedly pertaining to Part 1, which asked for email communications—and assigned the request

tracking number 1672912-000.

24.    The same day, FBI sent a third acknowledgment receipt of the request and assigned

the request tracking number 1672913-000.

25.    On July 11, 2025, FBI administratively closed request number 1670067-00, stating

that it did not comply with FOIA because the statute "does not require federal agencies to answer

inquiries, create records, conduct research, or draw conclusions concerning queried data." Ex. 3.

26.    On October 6, 2025, American Oversight appealed FBI's final determination,

arguing that FBI misinterpreted American Oversight's request and that it failed to conduct an

adequate search. A true and correct copy of that appeal is attached as Ex. 4.

27.    On November 19, 2025, DOJ acknowledged American Oversight's administrative

appeal and assigned it tracking number A-2026-00020. Ex. 5.

28.    As of the date of this filing, American Oversight has received no further

communication from FBI or DOJ regarding this FOIA request.

*ICE Request*

29.    On June 3, 2025, American Oversight submitted a FOIA request to ICE (internal

tracking number DOJ-ICE-25-1462) seeking email communications of eight senior FBI officials,

directives and guidance, training materials, and records sufficient to identify the number of welfare

checks of unaccompanied children performed by ICE, and the number cases referred to ICE as a result of a welfare check. The request spanned records from March 1, 2025, through the date the search was conducted. A true and correct copy of that request is attached as Exhibit 6.

30.    On July 1, 2025, ICE acknowledged receipt of the request, assigned the request tracking number 2025-ICFO-40712.

31.    As of the date of this filing, American Oversight has received no further communication from ICE regarding this FOIA request.

*HHS Request*

32.    On June 3, 2025, American Oversight submitted a FOIA request to HHS (internal tracking number HHS-25-1464) seeking email communications of six senior HHS officials, directives and guidance, and training materials. The request spanned records from March 1, 2025, through the date the search was conducted. A true and correct copy of that request is attached as Exhibit 7.

33.    On September 3, 2025, HHS acknowledged receipt of the request, assigned the request tracking number 2025-02848-FOIA-OS.

34.    As of the date of this filing, American Oversight has received no further communication from HHS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

35.    As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of final determinations regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; (b) adjudicate American Oversight's appeal of a final determination; and (c) produce the requested records or demonstrate that the requested records are lawfully exempt from

production.

36.     Through the failure of Defendants ATF, FBI, DOJ, HHS, and ICE to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

37.     Through filing an administrative appeal of Defendant FBI's closure of American Oversight's FOIA request, which FBI failed to respond to, American Oversight has exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

38.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39.     American Oversight properly requested records within the possession, custody, and control of Defendants.

40.     Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

41.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to the American Oversight's FOIA requests.

42.     Defendants' failures to conduct adequate searches for responsive records violate FOIA and applicable regulations.

43.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

44. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45. American Oversight properly requested records within the possession, custody, and control of Defendants.

46. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

47. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

48. Defendants' failures to provide all non-exempt responsive records violate FOIA and applicable regulations.

49. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

a) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

b) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any

9

responsive records withheld under claim of exemption;

c) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

d) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 18, 2026                    Respectfully submitted,

                                         */s/ Daniel Martinez*
                                         Daniel Martinez
                                         D.C. Bar No. 90025922
                                         Benjamin A. Sparks
                                         D.C. Bar No. 90020649
                                         AMERICAN OVERSIGHT
                                         1030 15th Street NW, B255
                                         Washington, DC 20005
                                         (202) 897-2465
                                         danny.martinez@americanoversight.org

                                         *Counsel for Plaintiff*

10