UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS, AND EXPLOSIVES, et al.,<br><br>Defendants. | Civil Action No. 26-0939 (JMC) |

## JOINT STATUS REPORT

Pursuant to the Court's June 3, 2026 Minute Order, Plaintiff American Oversight and Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Federal Bureau of Investigation ("FBI"), U.S. Department of Justice ("DOJ"), U.S. Department of Health and Human Services ("HHS"), Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") ("the Parties") submit this Joint Status Report in this Freedom of Information Act ("FOIA") litigation.

**ATF**

ATF has completed its search with respect to Plaintiff's request which resulted in approximately 566 potentially responsive pages. ATF anticipates making its first and only production on or around August 31, 2026, which will complete its processing of the request.

**FBI**

The FBI anticipates providing its first interim response on or before July 31, 2026. Additionally, the FBI anticipates consulting with other government agencies, and it will process consult returns as they are received back from the other agencies.

**HHS**

The first category from Plaintiff's FOIA request sent to HHS contained a series of key terms and anyone serving in a list of positions, some of which may not correspond to actual positions within ORR as reflected in its most recent Statement of Organization, Functions and Delegations of Authority in the Federal Register.  HHS has determined that Plaintiff's combination of 330 requested searches, without narrowing, will generate an unduly burdensome  volume of potentially responsive records, all of which would need to be reviewed and many of which likely will be determined to be non-responsive.  Without narrowing, this volume of potentially responsive records will likely take many years to review for responsiveness.  HHS has contacted Plaintiff to engage in narrowing discussions, including asking for more context on Plaintiff's FOIA request so that the parties could work on new search terms for a more tailored search and asking Plaintiff to provide connectors among the key terms and/or the individuals identified in the first category. To date, Plaintiff has failed to provide additional context to HHS, has failed to provide connectors, and has otherwise failed to meaningfully engage in narrowing discussions. HHS reserves the right to move for summary judgment on the unduly burdensome issue if progress cannot made on its attempts to narrow.  *See Power the Future v. White House Council on Env't Quality*, Civ. A. No. 24-1942 (RC), 2025 U.S. Dist. LEXIS 149426, at *6 (D.D.C. Aug. 4, 2025) (the requirement that a request "reasonably" describe the records sought encompasses considerations of undue burden, including with respect to "post-search efforts.").  HHS also objects to Plaintiff's identification of several individuals as "[a]ny one serving as" because this identification is too ambiguous and Plaintiff has not provided the name or email address of any of these individuals.  *See Protect the Public Trust v. U.S. Dep't of Labor*, Civ. A. No. 22-2849 (TJK), 2023 WL 6160014, at *3, 7-8 (D.D.C. Sept. 21, 2023).

Plaintiff's Statement

Plaintiff disagrees with HHS' statement that it has failed to meaningfully engage in narrowing discussions. First, Plaintiff has reasonably described its request such that the HHS FOIA office can search for the records that Plaintiff seeks. *See Truitt v. Department of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (A FOIA request is reasonably described if "if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." Second, Plaintiff did provide HHS the context in which this request arose (in an email in advance of the previous joint status report). *See* Compl. ¶¶ 1–4, Ex. 7 at 1.Third, HHS has refused to *even conduct even a preliminary search* to allow the parties to ascertain the scope of the potentially responsive records. And HHS's position that Plaintiff has "failed to provide connectors" does not hold water where Plaintiff already proposed a Boolean search in its original request. *See* Compl. Ex. 7 at 1–3 (part 1). HHS' failure to do the minimum that FOIA requires should not be countenanced; the agency should be required to conduct a preliminary search prior to requiring Plaintiff agree to any narrowing of its reasonably-described request.

## ICE

The first category from Plaintiff's FOIA request sent to ICE contained a series of key terms and a list of individuals whose email communications Plaintiff requested be searched for those terms. Plaintiff and ICE have continued to engage in discussions in an attempt to narrow the scope of the first category from Plaintiff's FOIA request, and ICE anticipates continuing to do so with Plaintiff's new counsel. ICE has begun searching for and collecting potentially responsive records for categories two through six of Plaintiff's FOIA request.

Plaintiff's Position

Similar to the HHS request, Plaintiff has provided sufficient information for ICE to conduct a search. *Truitt*, 897 F.2d at 545 n.36. ICE should be required to conduct searches on category one of Plaintiff's reasonably-described request, as it has provided no persuasive arguments why it cannot do so.

Pursuant to the Court's June 3, 2026 Minute Order, the Parties propose that they file a further status report on October 14, 2026, updating the Court on the status of this matter.

Dated: July 16, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____/s/ *Xinyu Yang*_____
    Xinyu Yang, Texas Bar #24098643
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-7225

*Attorneys for the United States of America*

AND

*/s/ Benjamin Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org